under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 57791.**—American Express Co. and The P. McGraw Wool Co. et al. *v.* United States, protests 187519–K, etc. (New York).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 57792.**—W. N. Proctor Company *v.* United States, protests 188437–K, etc. (Boston).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 57793.**—W. N. Proctor Company *v.* United States, protests 193892–K, etc. (Boston).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the de-

cision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 51359" in the schedule attached to and made a part of the decision in this case.

**No. 57794**—S. H. Pomerance Co., Inc. *v.* United States, protest 215240–K (New York).

Opinion by OLIVER, C. J. The protest was dismissed.

BEFORE THE SECOND DIVISION, JANUARY 26, 1954

**No. 57795.**—Salem Linen Mills *v.* United States, protests 194526–K and 194527–K (Portland, Oreg.).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *Geo. Wm. Rueff, Inc.* (41 C. C. P. A. 95, C. A. D. 535), the claim of the plaintiff was sustained.

**No. 57796.**—Tinsel Trading Co. *v.* United States, protest 214055–K (New York).

Opinion by FORD, J. An examination of the official record failing to disclose any reason for disturbing the presumptively correct classification of the collector, the protest was overruled.

BEFORE THE THIRD DIVISION, JANUARY 26, 1954

**No. 57797.**—Chekiang Co. and Hensel, Bruckmann & Lorbacher, Inc., et al. *v.* United States, protests 163967–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the articles in question consist of silent butlers, smoothing irons, and trays in chief value of brass, the same in all material respects as those involved in *Ignaz Strauss*